HAMILTON IRISH V. ED. FOULKS *et al.*

MECHANICS' LIEN, *Judgment Denying, a Bar.* Where, in an action to foreclose a mechanics' lien against F., B., the owner of the real estate, is made a party, and judgment is rendered against F. for the material but a lien is denied against the real estate of B., and afterward B. conveys the property to other parties in good faith, and afterward and within one year plaintiff brings proceedings to set aside such judgment, which is granted as to F. but denied as to B., and no action is taken by the plaintiff to reverse or vacate such judgment, and afterward the grantees of B. are made parties defendant with F., *held,* that plaintiff is concluded by the judgment in B.'s favor from maintaining proceedings to establish a lien against the property.

*Error from Stafford District Court.*

THE opinion states the case.

*Brinckerhoff & Brinckerhoff,* for plaintiff in error.

*J. W. Rose,* for defendants in error.

Opinion by CLOGSTON, C.: This was an action originally brought by Hamilton Irish, plaintiff in error, against Ed. Foulks and Robert M. Blair, to foreclose a mechanics' lien upon lot 18 in Maxwell's Addition to the town of Stafford, Kansas. At the trial of the action, Foulks made default, and Blair answered setting up that he was the owner of the lot in controversy, and that he had never authorized the purchase of the lumber and material claimed in plaintiff's petition. Judgment was rendered on default against Foulks and in favor of Blair, denying the plaintiff a lien upon the lot in question. This judgment was rendered in October, 1884. After the rendition of this judgment and before any steps had been taken to set it aside, Blair sold the lot to W. E. Gregg, and Gregg afterward sold it to Price and Price, the defendants in error herein. In April, 1885, plaintiff filed a petition in the district court praying for a new trial in the action against Foulks and Blair, and in June, 1885, the petition was heard by the district court—Foulks again making default. Upon

such hearing the court set aside the judgment as to Foulks and refused to set aside the judgment as to Blair. No action was taken to have said judgment reversed or set aside as to Blair. The court then ordered that Gregg be made a party defendant in the action, which was done, and afterward, Price and Price of their own motion were made defendants and filed their answer, setting up as a defense thereto that they were the purchasers of the property from Gregg, in good faith, and without notice of any intention on the part of the plaintiff to have said judgment opened, and that they purchased the same long before the petition was filed to set aside the judgment, and also alleged and set up the original judgment in favor of Blair and against the plaintiff, denying plaintiff's lien, and also the judgment of the court refusing to set aside and vacate the judgment as to Blair; Gregg disclaiming any interest in the property. Upon the issues so joined, trial was had, and judgment again rendered against Foulks on default, for $955.55, and in favor of the defendants, denying plaintiff's lien upon the property. Of this judgment the plaintiff complains.

Plaintiff now insists that the court erred in refusing to render judgment establishing a lien upon the property, and bases that claim upon the fact that the statute gave him a year in which to file a petition to set aside the judgment; and he insists that during the pendency of that year defendants could obtain no right or interest in the property that would interfere with his lien. This question need not be determined. The plaintiff failed to establish his lien against Blair in the first instance, while Blair was the owner of the property, and as long as that judgment stands unreversed it will protect his grantees, the defendants; and as no effort was made by the plaintiff to have that judgment reversed, he cannot complain because the court refused to establish the lien against the property. While we are free to say that upon the record as brought here, plaintiff perhaps ought to have had a lien in the first instance, yet the court on the evidence held against it, and that judgment is binding and conclusive, and plaintiff has no cause of complaint here.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.